**JOHN K. PARK, ESQ. (SBN 175212)**
park@parklaw.com
**3255 Wilshire Blvd., Suite 1110**
**Los Angeles, California 90010**
**Telephone: (213) 389-3777**
**Facsimile: (213) 389-3377**

Attorneys for Plaintiff,
BEOM SIK KIM

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEOM SIK KIM, an individual, | CASE NO.: 2:15-CV-06163 |
| Plaintiff | |
| v. | COMPLAINT FOR: |
| FASHION & FASHION, INC. a California Corporation; and DOES 1 through 10, inclusive, | COPYRIGHT INFRINGEMENT |
| Defendants | Jury Trial Demanded |

COMES NOW, plaintiff BEOM SIK KIM ("Plaintiff") and complains of and alleges the following:

-1-

1. This is an action for copyright infringement under the Copyright Act of 1976, Title 17 U.S.C. § 101 et seq., seeking damages, attorneys' fees, injunctive relief, and other relief based upon claims related to the misappropriation of Plaintiff's intellectual property.

2. This Court has federal question jurisdiction under 28 U.S.C. §§1331, 1338(a).

3. The claims asserted herein arose in this judicial district and all Defendants do business in this judicial district.

4. Venue in this judicial district is proper under 28 U.S.C. §1391(b), (c) and/or (d) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

### The Plaintiff

5. Plaintiff is an individual with his principal place of business in Los Angeles, CA 90021.

### The Defendants

6. Plaintiff is informed, believes, and thereon alleges that a defendant, FASHION & FASHION, INC. ("FASHION"), is a corporation incorporated and

-2-

existing under the laws of the State of California with its principal place of business in Los Angeles, California 90015.  Plaintiff is informed, believes, and thereon alleges that Defendant FASHION is in the business of selling garments throughout the United States, including but not limited to, various retail stores in Los Angeles, California.

## The Plaintiff's Copyrights

7.	Plaintiff is the owner of all copyrights in designs entitled: "5227-SP", the design of "Love Love" (referred to as "Love Love"); "839-SP," the design of "love…" (referred to as "Love…"); and "5246-SP," the design of an imprinted "wifey" (referred to as "Wifey").  The copyright registration of these three designs is under U.S. Copyright Registration number VAu1-204-060.  These designs and the U.S. Copyright Registration number VAu1-204-060 are shown in Exhibit A.

8.	Plaintiff is also the owner of all copyrights in the design entitled "4122-SP" (referred to as "Live Free"), as registered under U.S. Copyright Registration number VAu1-157-679. Exhibit B. (All designs shown in Exhibit A and Exhibit B are collectively referred to hereafter as the "Subject Designs")

9.	The Subject Designs contain materials wholly original to the respective authors, and are copyrightable subject matter under the laws of the United States

10.	Plaintiff showed Subject Designs to many customers and business associates for their use of Subject Designs for fee and/or imprinted the Subject

Designs on garments for sale throughout the United States, specifically including but not limited to, the greater Los Angeles area.

### **The Defendant's Infringing Activities–Subject Designs**

11. Plaintiff found, from Defendant FASHION's store in Los Angeles, unauthorized and unlicensed copies of garments with designs that are identical to Subject Designs ("Infringing Garments") as shown in Exhibit C.

12. Plaintiff believes, thereon alleges, that the Infringing Garments are, if not identical, then substantially similar to Subject Designs.

13. Plaintiff alleges that Plaintiff notified Defendant Fashion regarding the potential copyright infringement of Subject Designs, at Defendant FASHION's retail store located in Los Angeles, CA.

14. Plaintiff alleges that Plaintiff was told by Defendant FASHION that Defendant FASHION did not care about the legal consequences of selling these Infringing Garments because Defendant FASHION was only selling goods made by a third party.

15. Plaintiff alleges that Defendant FASHION refused to take down the Infringing Garments, but allowed Plaintiff to take photos. The photos taken at the place of sale of these Infringing Garments are shown in Exhibit C.

16. Plaintiff, through his attorney, sent a Cease and Desist letter notifying the Defendant FASHION's copyright infringement on June 18, 2015 ("Initial C&D Letter"). Exhibit D

17. Plaintiff, because there was no other replies from Defendant FASHION, sent a final Cease and Desist letter, dated July 10, 2015 ("Final C&D Letter"). Exhibit E

18. Based on information and belief, Plaintiff alleges that Defendant FASHION must have knowingly, willfully, and wantonly ordered, purchased, or manufactured infringing copies of the Subject Designs from an unlicensed third party when Defendant FASHION found Plaintiff's Subject Designs to be popular.

19. Based on information and belief, Plaintiff alleges that the attempts by Defendant FASHION to hide its willful nature of infringement are only highlighted by using the direct copy of the Subject Designs so that no one could even suspect copyright infringement.

20. Based on information and belief, Plaintiff alleges that Defendant FASHION's infringement of the Plaintiff's copyright is, if not found to be willful, then at least in gross negligence.

**The Defendant DOES' Infringing Activities**

21. Plaintiff is informed and believes and thereon alleges that defendants, DOES 1 through 10, inclusive, created, assembled, distributed, manufactured and/or sold garments comprised of garments printed with the derivative work of one or more of Plaintiff's copyrighted Subject Designs (as hereinafter defined) or that have otherwise contributed to the infringement of one or more Plaintiff's copyrighted Subject Designs. The true name and capacities, whether corporate, individual or otherwise, of the Defendant DOES 1 through 10, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names, and will ask leave to amend this Complaint to show their true names and capacities when the same have been ascertained.

22. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto, each of the Defendants, including without limitation the DOE Defendants, was the agent, affiliate, officer, director, manager, principal, partner, joint venturer, alter-ego and/or employee of the remaining Defendants and was at all times acting within the scope of agency affiliate, officer, director, manager, principal, partner, joint venturer, alter-ego and/or employment relationship and actively participated in, or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged herein, with full knowledge of all the facts and

circumstances, including, but not limited to, full knowledge of each and all of the violations of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIM FOR RELIEF

## COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. §101 ET SEQ.

(Against All Defendants and Each of Them)

23. Paragraphs 1-22 are incorporated herein by reference.

24. Based on information and belief, Plaintiff alleges that Defendant FASHION had access to Subject Designs, purchased, distributed and sold one or more substantially similar, if not identical, derivative work of the Plaintiff's Subject Designs.

25. Moreover, based on information and belief, Plaintiff alleges that Defendant FASHION fully knew or had a reason to know that Subject Designs were Plaintiff's copyrighted property and that Defendant FASHION may not reproduce, copy, distribute, or sell derivative works on the Subject Designs without Plaintiff's consent.

26. Furthermore, based on information and belief, Plaintiff alleges that Defendant FASHION fully knew or had a reason to know that purchasing, distributing and selling Infringing Garments would infringe on the Plaintiff's

copyrights when Defendant FASHION purchased the identical, if not identical, substantially similar, Infringing Garments from a third party.

27. Based on information and belief, Plaintiff alleges that by engaging in the above referenced conduct, Defendant FASHION acted in willful disregard, if not willful, then in gross negligence, of laws protecting Plaintiff's copyright.

28. Based on information and belief, Plaintiff also alleges that Defendant DOES, and each of them, made one or more copies of Subject Designs, and then distributed and/or sold garments having identical copies of the Plaintiff's Subject Designs.

29. Moreover, based on information and belief, Plaintiff also alleges that Defendant DOES, and each of them, fully knew or had a reason to know that Subject Designs is Plaintiff's copyrighted property and that Defendant DOES may not reproduce, copy, or create derivative works on Subject Designs without Plaintiff's consent.

30. Based on information and belief, Plaintiff also alleges that the attempt by Defendant DOES, and each of them, to hide its willful nature of infringement is only highlighted by making either no modifications or very little modifications to one or more parts of Subject Designs to pass as the Plaintiff's goods.

31. Based on information and belief, Plaintiff alleges that by engaging in the above referenced conduct, Defendant DOES, and each of them, have acted in willful disregard of laws protecting Plaintiff's copyrights.

32. Based on information and belief, Plaintiff alleges that Defendants, and each of them, if not directly liable for infringement of Plaintiff's copyright, are also liable for contributory infringement because each Defendant knew or should have known of the direct infringement and assisted or encouraged the infringement.

33. Based on information and belief, Plaintiff alleges that Defendants, and each of them, if not directly liable for infringement of Plaintiff's copyright, are also vicariously liable for the subject infringements because each Defendant enjoys a direct financial benefit from another's infringing activity and has the right and ability to supervise the infringing activity.

34. Based on information and belief, Plaintiff alleges that Defendants' acts of copyright infringement have caused Plaintiff to suffer, and to continue to suffer, substantial damage to its business in the form of diversion of trade, loss of income and profits, and a dilution of the value of its rights.

35. Based on information and belief, Plaintiff alleges that as a direct result of the acts of copyright infringement, Defendants, and each of them, have obtained direct and indirect profits that they would not otherwise have realized but for their infringement of Plaintiff's copyrighted Subject Designs.  Plaintiff is entitled to

disgorgement of each Defendant's profits directly and indirectly attributable to said Defendants' infringement of Subject Designs.

36. Based on information and belief, Plaintiff alleges that, Defendant's acts of copyright infringement as alleged above were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

37. That Defendants, and each of them, and their respective agents and servants be enjoined from infringing Plaintiff's copyright in any manner;

38. That Plaintiff be awarded Defendants' all profits plus all losses of Plaintiff as a result of the foregoing infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages, as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

39. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

40. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

41. For pre-judgment interest as allowed by law;

42. For the costs of this action; and

43. For such further legal and equitable relief as the Court deems proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable in this action pursuant to F.R.C.P. 38.

Dated: August 13, 2015　　　　　　　PARK LAW FIRM


　　　　　　　　　　　　　　　　　　By: _/s/John K. Park/_____
　　　　　　　　　　　　　　　　　　　　John K. Park
　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff